IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:18-CR-328 (FJS) |
| | ) |
| v. | ) **Indictment** |
| | ) |
| **CHARLES H. RIEL,** | ) Violations:    18 U.S.C. § 1341 |
| | )                      [Mail Fraud] |
| | )                      18 U.S.C. § 1957 |
| | )                      [Monetary Transactions] |
| | ) |
| | ) |
| | ) 4 Counts & Forfeiture Allegations |
| | ) |
| **Defendant.** | ) County of Offense:    Onondaga |

## THE GRAND JURY CHARGES:

1. At all times relevant to this Indictment, the defendant, **CHARLES H. RIEL**, was a resident of Clay, New York, and was the founder and principal member and officer of REinvest, LLC, a New York limited liability company with its principal place of business at the defendant's residence in Clay, New York.

2. On or about June 30, 2010, defendant **RIEL** opened checking accounts ending in 737 and 654, respectively, at Fulton Savings Bank in Fulton, New York, both of which were in the name of REinvest, LLC. Defendant **RIEL** was listed as an authorized signer on both accounts.

3. From in or around June 2010, through in or around February 2014, in Onondaga County in the Northern District of New York, defendant **RIEL** operated and maintained a website, www.150Percentreturn.com, on which defendant **RIEL** publicly posted false, fraudulent, and misleading information about REinvest, LLC, including historical rates of return on supposed REinvest, LLC investments and fictitious testimonials touting the financial successes of non-existent REinvest, LLC investors. Multiple potential investors reached out to defendant **RIEL**

about investing with REinvest, LLC after seeing the false, fraudulent, and misleading information defendant **RIEL** posted online.

4. On or about May 13, 2013, via electronic mail, defendant **RIEL** falsely and fraudulently told a potential investor with initials R.W., "I certainly can assure you that we have in fact been discreetly producing consistent high double digit returns for well over 15 years now . . ." Defendant **RIEL** knew this statement was false and fraudulent in that neither defendant **RIEL** nor REinvest, LLC had been receiving double digit returns on investments for that period of time. Defendant **RIEL** made other false and fraudulent statements in order to induce potential investors to send him money.

5. Between on or about June 30, 2010, and on or about October 17, 2013, defendant **RIEL** collected approximately $285,000 from a total of five investors, all of whom had received false and fraudulent information regarding the nature of defendant **RIEL**'s business and how the funds would be utilized.

6. In or around January 2014, defendant **RIEL** became aware that the U.S. Securities and Exchange Commission (SEC) was investigating his activities relating to REinvest, LLC. Defendant **RIEL** subsequently provided false, fraudulent, and misleading information to his investors regarding their investments, and used fraud, false statements, misrepresentations, and coercion to get some of the investors to sign a "Clarification Statement" prepared by defendant **RIEL**. Contrary to the representations on the REinvest, LLC website and the materials provided previously to the investors at the time of their investment, this Clarification Statement provided that the investments made with REinvest, LLC had "been willfully, voluntarily, freely, and fully transferred" by the investors "to be used in any manner in which deemed necessary and useful, including but not limited to; any personal and or private use" and that the information "displayed

on the 150percentreturn.com website and/or anywhere else, has in fact had no effect on [the] decision as to whether or not to participate and provide any of the money/funds" invested by the investors. Defendant **RIEL** pressured investors to sign the Clarification Statement, including by telling one investor with initials J.S., "I can tell you that should any of you decide to co-operate with them, doing so, will without question guarantee you the loss of you [sic] money."

### COUNTS 1-2
### [Mail Fraud]

#### The Scheme

7. The allegations set out in paragraphs 1-6 above are incorporated by reference as if fully set forth here.

8. From in or around June 2010, through and including on or about May 6, 2014, in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

### CHARLES H. RIEL,

devised and intended to devise a scheme and artifice to defraud multiple victims and to obtain money by means of false and fraudulent pretenses, representations, and promises.

#### Manner and Means

It was part of the scheme and artifice to defraud that:

9. From in or around June 2010, through and including in or around May 2014, defendant **RIEL** relayed and provided inaccurate, misleading, and fraudulent information to multiple individuals about REinvest, LLC in order to induce these individuals to make payments to defendant **RIEL** and to REinvest, LLC in reliance thereon.

10. From on or about June 30, 2010, through and including on or about March 13, 2014, defendant **RIEL** used a substantial portion of the funds received from investors to pay for his own personal living expenses, rather than investing such funds in ways that could result in a legitimate

return on the investment. Defendant **RIEL** also used money from subsequent investors to pay back a portion of the investment of an individual with initials C.C., who demanded repayment. Such uses of investor funds were fraudulent and were contrary to defendant **RIEL**'s representations to investors about how the funds would be invested and used.

11. On or about each of the dates set forth below, in Onondaga County in the Northern District of New York, and elsewhere, defendant **RIEL**, for the purpose of executing the scheme and artifice described above, knowingly caused to be deposited into a post office and authorized depository for mail matter the following things to be sent and delivered by the Postal Service and any private and commercial interstate carrier, each deposit constituting a separate count:

| Count | Date | Description | Place of Deposit | Place of Delivery |
|---|---|---|---|---|
| 1 | October 11, 2013 | Check in the amount of $25,000 from J.S. sent via FedEx | Jacksonville, Florida | Home address of defendant **RIEL** in Clay, New York |
| 2 | May 6, 2014 | Signed and notarized "Clarification Statement" from C.C. sent via Postal Service | Cave City, Arkansas | Home address of defendant **RIEL** in Clay, New York |

In violation of Title 18, United States Code, Section 1341.

## COUNTS 3-4
**[Monetary Transactions in Property Derived from Specified Unlawful Activity]**

12. The allegations set out in paragraphs 1-10 above are incorporated by reference as if fully set forth here.

13. On or about the following dates in Onondaga County in the Northern District of New York, and elsewhere, the defendant,

**CHARLES H. RIEL,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, that is the

4

deposit of funds by, through, and to a financial institution where the funds were derived from mail fraud, in violation of Title 18, United States Code, Section 1341, as follows, each monetary transaction constituting a separate count:

| Count | Date | Amount | Description of Monetary Transaction |
|---|---|---|---|
| 3 | October 17, 2013 | $25,000 | Transfer of funds from Fulton Savings Bank checking account ending in 737 to Fulton Savings Bank checking account ending in 654 |
| 4 | October 17, 2013 | $18,750 | Cashier's check made out to C.C. from Fulton Savings Bank checking account ending in 654 |

In violation of Title 18, United States Code, Sections 1957(a) and (d)(1).

## FORFEITURE ALLEGATIONS

### I.   FIRST FORFEITURE ALLEGATION

As a result of committing the offenses alleged in Counts 1 and 2, which are re-alleged and incorporated by reference as if fully set forth here, defendant **CHARLES H. RIEL** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all right, title and interest in any property, real or personal, relative to the offenses of conviction, which constitutes or is derived from proceeds directly or indirectly traceable to a violation of 18 U.S.C. § 1341 (mail fraud).

The intent of the United States of America to forfeit such property includes, but is not limited to: a money judgment in the amount of at least $197,500.

### II.   SECOND FORFEITURE ALLEGATION

As a result of committing the offenses alleged in Counts 3 and 4, which are re-alleged

5

and incorporated by reference as if fully set forth here, defendant **CHARLES H. RIEL** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all right, title and interest in any property, real or personal, involved in the offenses of conviction, or any property traceable to such property.

The intent of the United States of America to forfeit such property includes, but is not limited to: a money judgment in the amount of $25,000 for Count 3, and in the amount of $18,750 for Count 4.

Dated:   October 3, 2018

A TRUE BILL,   **NAME REDACTED

Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By: Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952